UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| STANLEY J. ALLEN, | : | | |
| --- | --- | --- | --- |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0767 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 13 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### GRANTING IN PART THE DEFENDANT'S MOTION TO DISMISS;
### DISMISSING THE COMPLAINT WITHOUT PREJUDICE

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss the *pro se* plaintiff's complaint for failure to prosecute or to comply with the court's order and rules. For over a year, this case has remained in limbo while the court waited on the plaintiff to clarify whether he definitively sought to voluntarily dismiss his action, as he had originally represented to the court. Because the plaintiff has failed to contest the defendant's motion to dismiss, and given the procedural history of this case as recited below, the court dismisses without prejudice the plaintiff's action.

## II. BACKGROUND

In February 2010, the plaintiff commenced an action in the Superior Court of the District of Columbia in response to an altercation that he had with Dr. Michael Smith, a fellow employee

at the Department of Defense.[1]  Compl. ¶¶ 5-10.  The plaintiff alleges that the defendant is liable for various torts allegedly committed by Dr. Smith, namely, assault, battery, intentional infliction of emotion distress and negligent infliction of emotional distress.  *See generally id.*  In May 2010, the defendant removed the plaintiff's action to this court.  *See generally* Notice of Removal.  Soon thereafter, the defendant filed a motion to dismiss for lack of jurisdiction.  *See generally* Def.'s Mot. to Dismiss.

Instead of filing an opposition, however, the plaintiff filed a notice of voluntary dismissal requesting that his case "be dismissed in its entirety without prejudice."  *See* Pl.'s Req. for Dismissal at 1.  In light of the plaintiff's notice of voluntary dismissal, the court denied the defendant's motion to dismiss as moot.  *See* Minute Order (Dec. 30, 2010).

The court noted, however, that the plaintiff's request for dismissal had failed to meet the requirements of Federal Rule of Civil Procedure 41(a), which controls the dismissal of a civil action by the plaintiff.  Minute Order (Sept. 15, 2010).  Under Rule 41(a), a plaintiff may request dismissal by filing a stipulation of dismissal that is signed by all of the parties.  *See* FED. R. CIV. P. 41(a)(1).  Alternatively, Rule 41(a)(2) allows a plaintiff to voluntarily dismiss a case by requesting a court order to that effect.  *See id.* 41(a)(2).  Here, the plaintiff failed to utilize either procedure available under Rule 41(a), instead filing a "request for dismissal" that was neither accompanied by a motion nor a stipulation signed by all of the parties.  *See* Pl.'s Req. for Dismissal.  Consequently, the court ordered the plaintiff to re-file his request for voluntary dismissal according to Rule 41(a).  *See* Minute Order (Sept. 15, 2010).

---

[1] Because the original defendant in this case, Dr. Michael Smith, was acting within the scope of his employment, the United States was substituted as defendant pursuant to 28 U.S.C. § 2679(d)(1). Minute Order (July 7, 2010).

After five months elapsed with no response from the plaintiff, the court again ordered the plaintiff to respond to the court's September 15, 2010 order or risk the dismissal of his case. *See* Minute Order (Feb. 1, 2011). This time the plaintiff responded, cryptically explaining to the court that he refused to provide his counsel with the "authority . . . to file a dismissal under Rule 41(a) or to otherwise file a substantive response to the Order issued on September 15, 2010." *See* Pl.'s Response ¶ 6. In response, the defendant filed a motion to dismiss with prejudice pursuant to Rule 41(b). *See* Def.'s 2d Mot. to Dismiss.

The plaintiff did not timely file an opposition to the defendant's motion. Instead, the plaintiff's counsel filed a motion to withdraw as the plaintiff's attorney, explaining that the plaintiff and his counsel were "no longer able to effectively communicate about [the p]laintiff's case." Pl.'s Atty's Mot. to Withdraw as Atty (Mar. 28, 2011). The plaintiff simultaneously sought an extension of time to respond to the defendant's motion to dismiss under 41(b). *Id.* The court granted the withdrawal on the condition that the plaintiff's counsel explain to his client that failure to meet the court's deadline would likely result in the dismissal of the plaintiff's case. Minute Order (Apr. 4, 2011). Additionally, the court allowed the plaintiff an extension of time to respond to the defendant's motion to dismiss, ordering that the plaintiff respond to the defendant's motion no later than April 27, 2011. *Id.*

Since that time, the plaintiff has proceeded *pro se* and has yet to file an opposition to the defendant's motion to dismiss under Rule 41(b). With the defendant's motion ripe for consideration, the court turns to the defendant's arguments and the applicable legal standards.

## III. ANALYSIS

### A. Legal Standard for Dismissal of a *Pro Se* Complaint for Failure to Prosecute

A court acts in its discretion by dismissing a complaint, either with or without prejudice, when a plaintiff fails to prosecute his or her case, fails to follow the rules of the court or fails to follow the court's orders. FED. R. CIV. P. 41(b); LCvR 83.23. Although "dismissal may be an unduly severe sanction for a single episode of misconduct," a court acts properly in dismissing a case "when lesser sanctions would not serve the interest of justice." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). In determining whether a dismissal is warranted, the court considers "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Id.*

The court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*. To be clear, a plaintiff is obligated to prosecute his lawsuit in accordance with the Federal Rules of Civil Procedure and the local rules of this court. *Clariett v. Rice*, 2005 WL 3211694, at *4 (D.D.C. 2005) ("Even a pro se litigant . . . must comply with the Federal Rules of Civil Procedure.").

### B. The Court Grants in Part the Defendant's Motion to Dismiss

The defendant argues that dismissal with prejudice is appropriate under Rule 41(b) because the plaintiff failed to follow the court's orders. Def's Mot. to Dismiss at 4-5. The court agrees that the plaintiff's conduct in this case (or lack thereof) warrants dismissal. The court warned the plaintiff through his able counsel that failure to file a response to the defendant's motion to dismiss would likely result in dismissal of this action. *See* Minute Order (Apr. 4, 2011). The court also granted the plaintiff additional time in which to file a response to the

defendant's motion. *Id.* Yet despite these warnings and opportunities, the plaintiff has not opposed the defendant's motion or filed any response whatsoever. Accordingly, in light of the plaintiff's failure to file a timely response and in order to protect the integrity of the judicial system, the court grants in part the defendant's motion to dismiss.

The court, however, denies the defendant's request to dismiss this case with prejudice. As noted earlier, the plaintiff had originally filed a "request of dismissal." *See* Pl.'s Request for Dismissal at 1. Presumably, the plaintiff's original request sought dismissal by a court order pursuant to Rule 41(a)(2), which usually provides for a dismissal without prejudice. *See* FED. R. CIV. P. 41(a)(2) ("Unless the order states otherwise, dismissal under this paragraph (2) is without prejudice."). Further, the court takes into account that the plaintiff is now acting *pro se* and should therefore be afforded some latitude in maneuvering the judicial process. *Moore*, 994 F.2d at 876. Accordingly, the court dismisses without prejudice the plaintiff's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 83.23 due to his failure to prosecute his case.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part the defendant's motion to dismiss and dismisses the complaint without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 31st day of October, 2011.

                                                                RICARDO M. URBINA
                                             United States District Judge